UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ, | No.: 1:19-cv-00108 BAM (PC) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| CALIFORNIA STATE PRISON CORCORAN, | (Doc. No. 3) |
| Defendant. | |

Plaintiff Fred Feleki Martinez is a state prisoner proceeding *pro se* in a civil rights action pursuant to 42 U.S.C. § 1983.

On January 25, 2019, Plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 3.) Plaintiff states that he suffers from a grave mental illness, and is currently under court-ordered involuntary medication pursuant to *Keyhea v. Superior Court*, and requires assistance. He states that a neighbor is currently assisting him with preparing documents.

Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298, 109 S .Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to

section 1915(e)(1). *Rand*, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Although the Court has not yet screened Plaintiff's complaint, a brief review shows that he alleges straightforward allegations of excessive force. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that Plaintiff cannot adequately articulate his claims. *Id*. Although his complaint mentions his *Keyhea* medication order and that he was on a suicide watch, it is not clear that he cannot prosecute this litigation due to these matters, from the limited information available.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel, filed on January 25, 2019 (Doc. No. 3) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **January 29, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2