# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON, CORCORAN, et al.,<br><br>Defendants. | Case No. 1:19-cv-00108-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF No. 14) |

Plaintiff Fred Feleki Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed on April 11, 2019. (ECF No. 14.) In his motion, Plaintiff states that he is severely mentally ill and is currently subject to an involuntary medication order. Cal. Penal Code § 2602; Keyhea v. Rushen, 178 Cal. App. 3d 526 (Cal. Ct. App. 1986). Further, Plaintiff asserts that he was only able to prepare and file the instant action because he received assistance from a fellow inmate and that he does not have the funds to hire an attorney to represent him.

However, Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). Nevertheless, in certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In

1

determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Here, the Court fails to find the exceptional circumstances required to grant a request for voluntary assistance of counsel. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, are not, by themselves, exceptional circumstances. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits of his case. Finally, while the Court has yet to screen Plaintiff's complaint, a cursory review of Plaintiff's complaint shows that Plaintiff asserts straightforward allegations of excessive force. While Plaintiff's motion states that he suffers from a severe mental illness and is under an involuntary medication order, the legal issues present in this case are not particularly complex and Plaintiff has failed to establish that he is unable to clearly articulate his claims and prosecute this action *pro se*.

For the foregoing reasons, Plaintiff's renewed request for appointment of counsel, (ECF No. 14), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **April 18, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE