# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON, CORCORAN, et al.,<br><br>    Defendants. | Case No. 1:19-cv-00108-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION<br><br>(ECF No. 16)<br><br>**FOURTEEN (14) DAY DEADLINE** |

Plaintiff Fred Feleki Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.    Motion for Preliminary Injunction**

Currently before the Court is Plaintiff's motion for preliminary injunction, filed on May 7, 2019. (ECF No. 16.) Plaintiff asserts that officers at Kern Valley State Prison are currently retaliating against him for filing complaints against officers. Plaintiff also states that he is currently in administrative segregation because he was found in possession of a weapon that he has for protection against officers and some of the inmate population. Plaintiff contends that, even though he has been hearing voices, seeing visions, feeling suicidal, and is on a hunger strike, prison officials have informed him that he will be transferred back to California State Prison, Corcoran.

1

Plaintiff maintains that, if he is transferred back to California State Prison, Corcoran, "they will kill me or I will try my best to defend myself and kill one of them." (Id.) Plaintiff requests that the Court intervene and keep prison officials from transferring him back to California State Prison, Corcoran.

**A.     Legal Standard**

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. Id. at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. City of L.A. v. Lyons, 461 U.S. 95, 102 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id. Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. Summers v. Earth Island Inst., 555 U.S. 488, 491–93 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. Summers, 555 U.S. at 491−93; Mayfield, 599 F.3d at 969; see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take

action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend.").

**B. Discussion**

Plaintiff has not met the requirements for the injunctive relief that he seeks. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

Since Plaintiff's complaint has not yet been screened, the Court cannot find that Plaintiff has demonstrated a likelihood of success on the merits. Further, since no defendant has been served with a summons or appeared in this action, the Court does not have any personal jurisdiction over any prison officials. Therefore, the Court cannot issue a preliminary injunction forbidding prison officials from transferring Plaintiff to California State Prison, Corcoran.

To the extent Plaintiff believes that he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court. See In re Lewis, 172 Cal. App. 4th 13, 24-25 (Cal. Ct. App. 2009) (trial court granted habeas corpus petitioners injunctive relief). The issue is not that Plaintiff's allegations are not serious. However, the seriousness of Plaintiff's allegations concerning feared impending harm cannot, and do not, overcome what is a jurisdictional bar. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Accordingly, Plaintiff's motion for preliminary injunction should be denied.

**II. Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS that:

(1)     The Clerk of the Court is directed to randomly assign a Fresno District Judge to this action; and

3

| | |
|---|---|
| 1 | (2) In light of the statements made by Plaintiff in the Motion, the Court finds it warranted to inform the Litigation Coordinator at Plaintiff's institution. Since Plaintiff has been transferred to California Medical Facility, the Clerk of the Court is directed to serve a copy of Plaintiff's motion for preliminary injunction, (ECF No. 16), and a copy of these Findings and Recommendation on the litigation coordinator at California Medical Facility. |

Further, for the reasons explained above, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction, (ECF No. 16), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 16, 2019__                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE