UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRED FELEKI MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA STATE PRISON, CORCORAN, et al.,<br><br>Defendants. | Case No. 1:19-cv-00108-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS<br><br>(ECF Nos. 1, 19, 21)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.     Background**

Plaintiff Fred Feleki Martinez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On May 20, 2019, the Court screened Plaintiff's complaint and found that Plaintiff stated cognizable claims for excessive force in violation of the Eighth Amendment against Defendants Rubio, Alcocer, and Quintana, for failure to intervene against Defendants Stroud and Alcocer, and for deliberate indifference to serious medical needs against Defendants Rubio, Alcocer, Quintana, and Stroud, but failed to state any other cognizable claims. (ECF No. 19.) The Court ordered Plaintiff to either file a first amended complaint or notify the Court in writing of his willingness to proceed only on the cognizable claims. (Id.) On June 13, 2019, Plaintiff notified the Court of his willingness to proceed only on the cognizable claims identified by the Court. (ECF No. 21.)

///

1

## II. Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## III. Allegations in Plaintiff's Complaint

Plaintiff is currently housed at Kern Valley State Prison and alleges the events in the complaint occurred while Plaintiff was housed at the California State Prison in Corcoran. Plaintiff names the following defendants: (1) California State Prison-Corcoran, (2) M.V. Sexton, Warden, (3) Correctional Officer Rubio, (4) Correctional Officer Alcocer, (5) Correctional Officer Quintana, (6) Correctional Officer Stroud.

Defendant California State Prison in Corcoran is sued under Title II of the ADA and section 504 of the Rehabilitation Act for deliberate indifference towards mentally ill prisoners; failure to

train, supervise, correct, care for and provide for Plaintiff's needs. Plaintiff is disabled with a severe mental disability. Defendant Sexton is sued for failure to protect, failure to train, failure to supervise, and maintaining a culture of indifference to the serious needs of the mentally ill prisoners.

Plaintiff alleges that, on December 20, 2017, Plaintiff was an inmate/patient in the Mental Health Services Delivery System (MHSDS) at the Enhanced Outpatient level of care. He has been diagnosed as gravely ill for the purpose of being involuntarily medicated. On December 20, 2017, Plaintiff was on suicide watch and he had covered in room-cell window. Defendant Rubio, Alcocer, Quintana, and Stroud came into his cell cursing at Plaintiff. Rubio and Alcocer came up to Plaintiff as Plaintiff sat in the corner of his cell and began striking Plaintiff with their fists, in his head, and kicking him in his back and ribs. Quintana pulled him into the center of the room while Rubio and Alcocer continued to beat Plaintiff. Quintana pulled off Plaintiff's boxer shorts and kicked Plaintiff in his private parts. While the attack was taking place, Defendant Stroud stood at the cell door looking out as a look-out. Officer Rubio kicked Plaintiff in his head, and Plaintiff lost consciousness. He awoke in a pile of blood. When he awoke, the officers were gone. Plaintiff went to the door and cursed them for attacking him. Defendant Rubio unlocked the door, reentered the cell and began attacking Plaintiff again. Defendant Alcocer then entered the cell and yelled for Rubio to stop because someone was coming. A few minutes later, all four officers, Rubio, Alcocer, Quintana, and Stroud, came back into the cell. Rubio told Plaintiff to clean up the blood and, when Plaintiff refused, Rubio cleaned it up and all officers left the cell.

In Claim I, Plaintiff alleges use of excessive force in violation of the Eighth and Fourteenth Amendments. In Claim II, Plaintiff alleges failure to protect, deliberate indifference, and failure to train and supervise. In Claim III, Plaintiff alleges discrimination and abuse of mentally ill in violation of Title II of the Americans With Disability Act and 504 of the Rehabilitations Act.

Plaintiff seeks compensatory and punitive damages. He also seeks a ban on the use of outpatient housing unit cells and installation of security cameras outside of all mental health care crisis beds and suicide watch cells.

///

**IV.  Discussion**

**A.  Linkage Requirement**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S. Ct. 2018, 56 L.Ed. 2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598, 46 L.Ed. 2d 561 (1976).  The Ninth Circuit has held that "[a] person 'subjects another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

Here, Plaintiff's complaint fails to link Warden Sexton to any wrongful conduct.  Insofar as Plaintiff is attempting to sue Defendant Warden Sexton based on his supervisory role, he may not do so.  Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior.  Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir.2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

Here, Plaintiff has failed to establish that Defendant Warden Sexton participated in or directed any constitutional violation or that he implemented a policy so deficient that it was the moving force of any constitutional violation.

**B.     Eighth Amendment**

    **1.     Excessive Force**

Any Constitutional right against excessive force by a convicted prisoner is protected by the Eighth Amendment and not the Fourteenth Amendment. The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Farmer v. Brennan, 511 U.S. 825, 832–33 (1994) (quotations omitted).

For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. Relevant factors for this consideration include "the extent of injury... [,] the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Whitley v. Albers, 475 U.S. 1078, 1085 (1986)).

The Court finds that Plaintiff's complaint states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Rubio, Alcocer, and Quintana for the incidents in the cell on or about December 20, 2017.

    **2.     Failure to Protect**

Prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other prisoners or others because being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society. Farmer v. Brennan, 511 U.S. 825, 83334, 114 S.Ct. 1970, 28 L.Ed.2d 811 (1994); Clem v. Lomeli, 566 F.3d 1177, 1181 (9th Cir.2009); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir.2005). However, prison officials

are liable under the Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious harm. Farmer, 511 U.S. at 834, 841; Clem, 566 F.3d at 1181; Hearns, 413 F.3d at 1040.

Here, the Court finds that Plaintiff's complaint states a cognizable claim for failure to protect against Defendant Stroud for the first incident in the cell and against Defendant Alcocer for the second incident in the cell, on or about December 20, 2017.

### 3. Deliberate Indifference to Medical Care

Plaintiff appears to allege that he was denied medical care after he was purportedly assaulted by Defendant Rubio, Alcocer, and Quintana.

A prisoner's claim of inadequate medical care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d

6

458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06).

At the pleading stage, Plaintiff has alleged facts that he was in serious medical need and that defendants' response was deliberately different. Plaintiff alleges he was lying in a pool of blood after having been beaten and kicked by Defendants Rubio and Alcocer, and kicked in the private parts by Defendant Quintana, all while being observed by Defendant Stroud. Plaintiff alleges these Defendants' actions left Plaintiff bleeding and unconscious.

### C. Americans with Disabilities Act ("ADA")/Rehabilitation Act ("RA")

Title II of the ADA prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132 (1994); Weinrich v. L.A. County Metro Transp. Auth., 114 F.3d 976, 978 (9th Cir.), cert. denied, 522 U.S. 971 (1997). The Supreme Court has held that Title II of the ADA applies to state prisons. Pennsylvania Dept. of Corr. v. Yeskey, 524 U.S. 206, 210 (1998); see also Lee v. City of L.A., 250 F.3d 668, 691 (9th Cir. 2001).

"Generally, public entities must 'make reasonable modification in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.'" Pierce v. County of Orange, 526 F.3d 1190, 1215 (9th Cir. 2008) (quoting 28 C.F.R. § 35.130(b)(7) ).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010); McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004); Weinrich, 114 F.3d at 978. While the RA has the additional requirement that the program or activity receive federal funds, 29 U.S.C. § 794, "[t]here is no significant difference in analysis of the rights and obligations created by the ADA and the Rehabilitation Act. Thus, courts have applied the same analysis to claims brought under both statutes." Zukle v. Regents of the

Univ. of California, 166 F.3d 1041, 1045 n.11 (9th Cir. 1999) (citations omitted).

To the extent plaintiff intends to sue the individual named defendants for violation of his rights under the ADA, they are not proper defendants in this action. The proper defendant in ADA actions is the public entity responsible for the alleged discrimination. U.S. v. Georgia, 546 U.S. 151, 153 (2006). State correctional facilities are "public entities" within the meaning of the ADA. See 42 U.S.C. § 12131(1)(A) & (B); Yeskey, 524 U.S. at 210; Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

In order to state a claim under the ADA, the plaintiff must have been "improperly excluded from participation in, and denied the benefit of, a prison service, program, or activity on the basis of his physical handicap." Armstrong v. Wilson, 124 F.3d 1019, 1023 (9th Cir. 1997). Plaintiff has alleged no facts demonstrating such exclusion or denial. While Plaintiff alleges Plaintiff is mentally ill, he does not allege his illness led to an exclusion or denial of a prison service, program, or activity. Further, plaintiff's allegations of inadequate medical care do not state a claim under the ADA. Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice."); see also Simmons, 609 F.3d at 1022 (stating that inadequate or negligent medical treatment alone does not constitute an unlawful failure to accommodate under the ADA or the Rehabilitation Act).

**D.   Discrimination**

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne, Tex. v. Cleburne Living Center, 473 U.S. 432, 439, (1985); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). An equal protection claim may be established by showing that defendants intentionally discriminated against a plaintiff based on his membership in a protected class, Comm. Concerning Cmty. Improvement v. City of Modesto, 583 F.3d 690, 702–03 (9th Cir. 2009); Serrano v. Francis, 345 F.3d 1071,1082 (9th Cir. 2003), or that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose, Engquist v. Oregon Department of Agr., 553 U.S. 591, 601–02 (2008); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000); Lazy Y Ranch Ltd. v. Behrens, 546 F.3d 580, 592 (9th Cir. 2008).

"[T]he disabled do not constitute a suspect class" for equal protection purposes. Does 1–5 v. Chandler, 83 F.3d 1150, 1155 (9th Cir. 1996) (citing City of Cleburne, 473 U.S. at 440, 105 S.Ct. 3249). While Plaintiff uses the word "discrimination" in his complaint, Plaintiff has not shown that he was discriminated against because of his membership in any protected class. Nor has Plaintiff shown that he was intentionally treated differently than other similarly situated inmates without a rational relationship to a legitimate state purpose. Plaintiff's conclusory statements about discrimination do not suffice. Therefore, he has not stated any claim for a violation of his Fourteenth Amendment rights.

### E.     Injunctive Relief

In addition to compensatory damages, Plaintiff seeks installation of cameras and a ban on the use of outpatient housing units. The Court construes these allegations as requests for injunctive relief. "[P]laintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006) (internal quotations and citations omitted). "The key issue is whether the plaintiff is 'likely to suffer future injury. Jones, 444 F.3d at 1126. Furthermore, any award of equitable relief is governed by the Prison Litigation Reform Act, which provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. § 3626(a)(1)(A). Plaintiff's subsequent transfer out of Corcoran rendered his prayer for injunctive relief moot.

### V.     Conclusion and Recommendation

Based on the foregoing, the Court finds that Plaintiff's complaint states cognizable claims for excessive force in violation of the Eighth Amendment against Defendants Rubio, Alcocer, and Quintana, for failure to intervene against Defendants Stroud and Alcocer, and for deliberate

indifference to serious medical needs against Defendants Rubio, Alcocer, Quintana, and Stroud. However, Plaintiff's complaint fails to state any other cognizable claims against any other defendants.

Accordingly, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed on January 25, 2019, (ECF No. 1), for excessive force in violation of the Eighth Amendment against Defendants Rubio, Alcocer, and Quintana, for failure to intervene against Defendants Stroud and Alcocer, and for deliberate indifference to serious medical needs against Defendants Rubio, Alcocer, Quintana, and Stroud; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 20, 2019**          /s/ *Barbara A. McAuliffe*
                                   UNITED STATES MAGISTRATE JUDGE