|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |
| 8 | UNITED STATES DISTRICT COURT | |
| 9 | FOR THE EASTERN DISTRICT OF CALIFORNIA | |
| 10 | | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| FRED FELEKI MARTINEZ, | No. 1:19-cv-00108-DAD-BAM (PC) |
|---|---|
| Plaintiff, | |
| v. | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA STATE PRISON CORCORAN, et al., | (Doc. Nos. 16, 18, 22) |
| Defendants. | |

Plaintiff Fred Feleki Martinez is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 7, 2019, plaintiff filed a letter, which the assigned magistrate judge interpreted as a motion for preliminary injunction. (Doc. No. 16.) On May 16, 2019, the assigned magistrate judge issued findings and recommendation recommending that plaintiff's motion for preliminary injunction be denied. (Doc. No. 18.) The findings and recommendation were served on plaintiff and contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 4.)

On May 20, 2019, the assigned magistrate judge screened plaintiff's complaint, and found that plaintiff stated cognizable claims for use of excessive force in violation of the Eighth

1

Amendment against defendants Rubio, Alcocer, and Quintana; for failure to intervene against defendants Stroud and Alcocer; and for deliberate indifference to serious medical needs against defendants Rubio, Alcocer, Quintana, and Stroud. (Doc. No. 19.) The assigned magistrate judge found that plaintiff's complaint failed to state any other cognizable claims for relief. (*Id.*) Plaintiff was ordered to file either a first amended complaint or a written notice informing the court that he was willing to proceed only on the cognizable claims identified by the court within thirty (30) days. (*Id.* at 9–10.)

On June 10, 2019, after discovering that plaintiff had been transferred to a new prison, the magistrate judge ordered the Clerk of the Court to re-serve the May 16, 2019 findings and recommendation and the May 20, 2019 screening order on plaintiff at his new institution of confinement. (Doc. No. 20.) The magistrate judge ordered that, in light of the re-service, any objections to the May 16, 2019 findings and recommendation were due within fourteen (14) days from the date of re-service. (*Id.* at 2.) Additionally, any first amended complaint or written notice to proceed only on the claims found cognizable by the court was then made due within thirty (30) days from the date that the screening order was re-served on plaintiff. (*Id.*)

On June 13, 2019, plaintiff filed a written notice stating that he did not wish to file an amended complaint and that he wished to proceed only on the claims found to be cognizable in the screening order.[1] (Doc. No. 21.) Consequently, on June 20, 2019, the assigned magistrate judge issued findings and recommendations that this action proceed on plaintiff's cognizable claims. (Doc. No. 22.) The findings and recommendations were served on plaintiff and

/////

---

[1] Plaintiff's complaint sought injunctive relief in the form of a ban on the use of the outpatient housing unit cells and installation of security cameras outside all mental health care crisis beds and suicide watch cells at California State Prison-Corcoran. (Doc. No. 1 at 6.) The assigned magistrate judge found that "Plaintiff's subsequent transfer out of Corcoran rendered his prayer for injunctive relief moot." (Doc. No. 22 at 9.) Plaintiff had argued in his motion for preliminary injunction that prison officials told him he would be transferred back to Corcoran. (Doc. No. 16.) Since filing his motion for preliminary injunction, plaintiff has been transferred to Salinas Valley State Prison for further mental health treatment. (Doc. No. 26.) Should plaintiff be transferred back to CSP-Corcoran, he may be able to then state a cognizable claim for injunctive relief by way of motion to amend his complaint. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 105, 103 S. Ct. 1660, 1667, 75 L. Ed. 2d 675 (1983).

contained notice that any objections thereto were to be filed within fourteen (14) days after service. (*Id.* at 10.)

More than fourteen days have passed since the May 16, 2019 findings and recommendation were re-served and the June 20, 2019 findings and recommendations were served, and no objections to either have been filed.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a de novo review of this case. Having carefully reviewed the entire file, the court finds that the assigned magistrate judge's findings and recommendations are supported by the record and proper analysis.

For these reasons,

1. The findings and recommendation issued on May 16, 2019 (Doc. No. 18) are adopted in full;
2. Plaintiff's motion for preliminary injunction (Doc. No. 16) is denied;
3. The findings and recommendations issued on June 20, 2019 (Doc. No. 22) are adopted;
4. This action shall proceed on plaintiff's complaint, filed January 25, 2019 (Doc. No. 1), for excessive use of force in violation of the Eighth Amendment against defendants Rubio, Alcocer, and Quintana; for failure to intervene against defendants Stroud and Alcocer; and for deliberate indifference to serious medical needs against defendants Rubio, Alcocer, Quintana, and Stroud;
5. All other claims and defendants are dismissed based on plaintiff's failure to state a claim upon which relief may be granted; and
6. This action is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **December 5, 2019**

Dale A. Drozd
UNITED STATES DISTRICT JUDGE